Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

NAEL LOPEZ, *individually and on behalf of others
similarly situated,*

                       *Plaintiff,*

                -against-

ROYAL THAI PLUS, LLC (d/b/a HUA
LAMPHONG), PUNYACHALEE PHAKAMAS,
HUA LUMPHONG and YANAKARN
LAKSANAPHROM,

                   *Defendants.*

------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Nael Lopez, individually and on behalf of others similarly situated ("Plaintiff"), by

and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and

as against each of Defendants Royal Thai Plus, LLC (d/b/a Hua Lamphong) ("Defendant

Corporation"), Punyachalee Phakamas, Hua Lumphong, and Yanakarn Laksanaphrom

(collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

      1.    Plaintiff Nael Lopez is a former employee of Defendants Royal Thai Plus, LLC

(d/b/a Hua Lamphong), Punyachalee Phakamas, Hua Lumphong and Yanakarn Laksanaphrom.

      2.    Hua Lamphong is a Thai restaurant located at 447 7th Avenue, Brooklyn, New York

11215.

3.      Upon information and belief, Defendants Punyachalee Phakamas, Hua Lumphong, and Yanakarn Laksanaphrom serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the Thai restaurant.

4.      Plaintiff Lopez is a former employee of Defendants.

5.      Plaintiff Lopez worked as a food preparer and ostensibly as a delivery worker. However, when working as a delivery worker, he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including preparing food, dishwashing, cleaning the entire restaurant, taking out the garbage, twisting and tying up deliveries, and carrying down and stocking deliveries in the basement (hereinafter non-tip/non-delivery duties).

6.      Plaintiff Lopez regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and/or overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff Lopez appropriately for any hours worked either at the straight rate or at the overtime premium.

8.      Further, Defendants failed to pay Plaintiff Lopez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.       Defendants employed and accounted for Plaintiff Lopez as a delivery worker in their payroll, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped functions such as those alleged above.

10.      At all times, regardless of duties, Defendants paid Plaintiff Lopez and all other delivery workers at a rate that was lower than the minimum wage rate.

2

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Lopez's  non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Lopez's actual duties in payroll records to avoid paying Plaintiff Lopez at the minimum wage rate, and to enable them to pay Plaintiff Lopez at a lower rate by designating him as a delivery worker instead of a non-tipped employee.

13.     Defendants' conduct extended beyond Plaintiff Lopez to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lopez  and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Lopez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and the "overtime wage order" codified at N.Y. COMP. CODES R. & REGS. Tit. 12 §§ 142-2.2, 2.4 (2009), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Lopez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Lopez's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Lopez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Nael Lopez ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in Kings County, New York.

20.     Plaintiff Lopez was employed by Defendants from approximately September 2015 until on or about June 26, 2016.

21.     Plaintiff Lopez consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     Defendants own, operate, and/or control a Thai restaurant located at 447 7th Avenue, Brooklyn, New York 11215 under the name "Hua Lamphong" at all times relevant to this complaint.

23.     Upon information and belief, Royal Thai Plus, LLC is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 447 7th Avenue New York, N.Y. 11215.

24.     Defendants Punyachalee Phakamas, Hua Lumphong, and Yanakarn Laksanaphrom are individuals engaging in business within this judicial district during the relevant time period.

25.     Defendants Punyachalee Phakamas, Hua Lumphong, and Yanakarn Laksanaphrom are sued individually in their capacity as owners, officers and/or agents of Defendant Corporation.

26.     Defendants Punyachalee Phakamas, Hua Lumphong, and Yanakarn Laksanaphrom possess operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or control significant functions of Defendant Corporation.

27.     Defendants Punyachalee Phakamas, Hua Lumphong, and Yanakarn Laksanaphrom determine the wages and compensation of the employees of Defendants, including Plaintiff Lopez, and establish the schedules of the employees, maintain employee records, and have the authority to hire and fire employees.

### FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

28.     Defendants operate a Thai restaurant located at 447 7th Avenue, Brooklyn, N.Y. 11215.

29.     Individual defendants Punyachalee Phakamas, Hua Lumphong, and Yanakarn Laksanaphrom possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

31.     Each defendant possessed substantial control over Plaintiff Lopez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Lopez, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiff Lopez, and all similarly situated individuals, and are Plaintiff Lopez's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Lopez and/or similarly situated individuals.

34.     Upon information and belief, individual defendants Punyachalee Phakamas, Hua Lumphong, and Yanakarn Laksanaphrom  operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)    operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of their own with Defendant Corporation;

(g)    diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

35.    At all relevant times, Defendants were Plaintiff Lopez's employers within the meaning of the FLSA and NYLL.

36.    Defendants had the power to hire and fire Plaintiff Lopez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Lopez's services.

37.    From approximately 2015 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the preparation of typical Thai plates on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Lopez is a former employee of Defendants primarily employed in performing the duties of a food preparer and ostensibly as a delivery worker. However, when working as a delivery worker he was required to spend a considerable portion of the shift performing the non-delivery non-tip duties outlined above.

40.     Plaintiff Lopez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Nael Lopez*

41.     Plaintiff Lopez was employed by Defendants from approximately September 2015 until on or about June 26, 2016.

42.     At all relevant times, Plaintiff Lopez was employed by Defendants as a food preparer and ostensibly as a delivery worker.

43.     However, when working as a delivery worker, Plaintiff Lopez also was required to spend a significant portion of his work day performing the non-tip duties described above.

44.     Although during some of his shifts Plaintiff Lopez ostensibly was employed as a delivery worker, he spent over twenty percent of the shifts performing the non-tip work described above.

45.     Plaintiff Lopez regularly handled goods in interstate commerce such as condiments and sauces necessary to perform his duties as a food preparer and ostensibly as a delivery worker.

8

46.     Plaintiff Lopez's work duties required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Lopez regularly worked in excess of 40 hours per week.

48.     From approximately September 2015 until on or about June 26, 2016, Plaintiff Lopez  worked from approximately 12:00 p.m. until on or about 11:30 p.m., four days a week and from approximately 12:00 p.m. until on or about 11:00 p.m. three days a week (typically 79 hours per week).

49.     Throughout his employment with defendants, Plaintiff Lopez was paid his wages in cash.

50.     From approximately September 2015 until on or about June 2016, Defendants paid Plaintiff Lopez a fixed salary of $100 per day.

51.     Plaintiff Lopez was not paid his last two weeks of work with Defendants. The unpaid wages account to approximately $1,400.

52.     Plaintiff Lopez's wages did not vary regardless of how many additional hours he worked in a week.

53.     For example, Defendants required Plaintiff Lopez to work 30 minutes past his scheduled departure time four days a week, without paying him any additional compensation.

54.     Defendants never granted Plaintiff Lopez meal breaks or rest periods of any kind.

55.     Plaintiff Lopez was never notified by Defendants that his tips would be included as an offset for wages.

56.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Lopez's wages.

57.     Plaintiff Lopez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

58.     Defendants never provided Plaintiff Lopez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

59.     Defendants never provided Plaintiff Lopez with a written notice, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

61.     Defendants required Mr. Lopez to purchase "tools of the trade" with his own funds—including an electric bicycle, a battery, a chain and a battery charger.

*Defendants' General Employment Practices*

62.     Defendants regularly required Plaintiff Lopez to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime and spread of hours compensation.

63.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lopez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

64.     Defendants required Plaintiff Lopez, and all other delivery workers, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery

workers.  Plaintiff Lopez and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

65.    Plaintiff Lopez and all other delivery workers were paid at a rate that was lower than the required minimum wage rate by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiff Lopez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

66.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).  Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

67.    Plaintiff Lopez's duties were not incidental to his occupation as delivery worker, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped duties described above.

68.    In violation of federal and state law as codified above, Defendants classified Plaintiff Lopez and other delivery workers as tipped employees and paid them at a rate lower than the minimum wage rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

69.    Defendants' pay practices resulted in Plaintiff Lopez not receiving payment for all his hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum and overtime wage rate.

70.     Defendants failed to inform Plaintiff Lopez that they intended to take a deduction against Plaintiff Lopez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

71.     Defendants failed to inform Plaintiff Lopez that his tips would be credited towards the payment of the minimum wage.

72.     Defendants failed to maintain a record of tips earned by Plaintiff Lopez for the deliveries he made to customers.

73.     Plaintiff Lopez was paid his wages entirely in cash.

74.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

75.     Defendants failed to post required wage and hour posters in the Thai restaurant, and did not provide Plaintiff Lopez with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Lopez's relative lack of sophistication in wage and hour laws.

76.     By employing these practices, Defendants avoided paying Plaintiff Lopez the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

77.     Upon information and belief, this was done to disguise the actual number of hours Plaintiff Lopez, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

78.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA and NYLL.

79.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Lopez and other similarly situated current and former delivery workers.

80.     Defendants failed to provide Plaintiff Lopez and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

81.     Defendants failed to provide Plaintiff Lopez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of

business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

82. Plaintiff Lopez brings his FLSA minimum and overtime wages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Hua Lamphong (the "FLSA Class").

83. At all relevant times, Plaintiff Lopez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

84. The claims of Plaintiff Lopez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS)

85. Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

86. At all times relevant to this action, Defendants were Plaintiff Lopez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Lopez

14

(and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

87.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

88.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

89.     Defendants failed to pay Plaintiff Lopez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

90.     Defendants' failure to pay Plaintiff Lopez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

91.     Plaintiff Lopez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE FLSA OVERTIME PROVISIONS)**

92.     Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

93.     At all times relevant to this action, Defendants were Plaintiff Lopez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Lopez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

94.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

15

95.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

96.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Lopez  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

97.     Defendants' failure to pay Plaintiff Lopez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

98.      Plaintiff Lopez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)

99.     Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

100.    At all times relevant to this action, Defendants were Plaintiff Lopez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Lopez (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

101.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Lopez  (and the FLSA Class members) less than the minimum wage.

102.    Defendants' failure to pay Plaintiff Lopez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

16

103.    Plaintiff Lopez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK STATE LABOR LAW'S OVERTIME PROVISIONS)

104.    Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Lopez  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

106.    Defendants failed to pay Plaintiff Lopez (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

107.    Defendants' failure to pay Plaintiff Lopez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

108.     Plaintiff Lopez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

109.    Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants failed to pay Plaintiff Lopez  one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Lopez's spread of hours exceeded

ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New

York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6).

111.    Defendants' failure to pay Plaintiff Lopez  an additional hour's pay for each day

Plaintiff Lopez's spread of hours exceeded ten hours was willful within the meaning of NYLL

§ 663.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

112.    Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth

herein.

113.    Defendants failed to provide Plaintiff Lopez  with a written notice, in English and

in Spanish (Plaintiff Lopez's primary language), of his rate of pay, regular pay day, and such

other information as required by NYLL §195(1).

114.    Defendants are liable to Plaintiff Lopez in the amount of $5,000, together with

costs and attorney's fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

115.    Plaintiff Lopez repeats and realleges all paragraphs above as though set forth fully

herein.

116.    Defendants did not provide Plaintiff Lopez with a statement of wages with each

payment of wages, as required by NYLL 195(3).

117.    Defendants are liable to Plaintiff Lopez in the amount of $5,000, together with

costs and attorney's fees.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

118.    Plaintiff Lopez repeats and realleges all paragraphs above as though set forth fully herein.

119.    Defendants required Plaintiff Lopez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

120.    Plaintiff Lopez was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lopez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be FLSA class members in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lopez  and the FLSA class members

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lopez  and the FLSA class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiff Lopez ', and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Lopez  and the FLSA class members;

(f)      Awarding Plaintiff Lopez  and the FLSA class members damages for the amount of unpaid minimum and  overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)      Awarding Plaintiff Lopez  and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lopez  and the members of the FLSA Class

(i)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lopez  and the members of the FLSA Class;

(j)      Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Lopez  and the members of the FLSA Class;

(k)      Declaring that Defendants have violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Lopez ', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)  Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Lopez  and the FLSA Class members;

(m)  Awarding Plaintiff Lopez  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(n)  Awarding Plaintiff Lopez  damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)  Awarding Plaintiff Lopez  and the FLSA class members damages for Defendants' failure to pay Plaintiff in a timely fashion, as required by NYLL § 191;

(p)  Awarding Plaintiff Lopez  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(q)  Declaring that Defendants' violations of the NYLL was willful as to Plaintiff Lopez   and the FLSA class members;

(r)  Awarding Plaintiff Lopez  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(s)   Awarding Plaintiff Lopez  and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(t)  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

21

(u)      All such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 20, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____
By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 11, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                    Nael Lopez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     11 de julio de 2016

*Certified as a minority-owned business in the State of New York*