UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NAEL LOPEZ,

                    Plaintiff,

            -against-

ROYAL THAI PLUS, LLC (d/b/a HUA
LAMPHONG), PUNYACHALEE PHAKAMAS,
HUA LUMPHONG, and YANAKARN
LAKSANAPHROM,

                    Defendants.
-----------------------------------------------------------------X

**ORDER**

**16-CV-4028 (NGG) (SJB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On July 20, 2016, Plaintiff Nael Lopez ("Lopez") commenced this action against Defendants Royal Thai Plus, LLC ("Royal Thai"), Punyachalee Phakamas, Hua Lumphong, and Yanakarn Laksanaphrom pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Compl. (Dkt. 1).) A stipulation of dismissal has since been filed with respect to Laksanaphrom, and Laksanaphrom is no longer a party to this case. (Stipulation of Dismissal (Dkt. 28).) Royal Thai and Phakamas (together, "Defendants") have not appeared in this action and have failed to answer or otherwise respond to the Complaint.[1] On June 28, 2017, the Clerk of Court entered default against Defendants. (Clerk's Entry of Default (Dkts. 20, 21).) On August 31, 2017, Plaintiff moved pursuant to Federal Rule of Civil Procedure 55 for entry of a default judgment against Defendants (the "Motion"). (Mot. for Default J. ("Mot.") (Dkt. 23).) The court referred the Motion to Magistrate Judge Peggy Kuo for a Report and Recommendation

---

[1] Lumphong has not appeared in this action and has failed to answer or otherwise respond to the Complaint, but Plaintiff did not file an executed summons with respect to Lumphong. Accordingly, Plaintiff is directed either to file a stipulation of dismissal with respect to Lumphong, or to show cause why the case against Lumphong should not be dismissed for failure to prosecute.

1

("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Aug. 31, 2017, Order.) On September 13, 2017, the case was transferred to Magistrate Judge Sanket J. Bulsara. (Sept. 13, 2017, Reassignment of Case.)

On February 6, 2018, Judge Bulsara issued an R&R that recommended granting the Motion and awarding damages of:

- $43,509.38 in unpaid overtime wages,
- $2,669.75 in spread of hours pay,
- $46,179.13 in liquidated damages,
- pre-judgment interest in an amount to be calculated by the Clerk of Court by multiplying $11.39 by the number of days from August 31, 2016, until the entry of final judgment,
- $10,000 in statutory damages for violation of notice and record keeping and wage statement provisions,
- $3,780 in attorney's fees and $400 in costs,
- and if any amount of the total judgment remains unpaid ninety days following judgment or ninety days after the expiration of time to appeal and no appeal is filed (whichever is later), for the total amount of judgment to automatically increase by 15% under NYLL § 198(4).

(R&R (Dkt. 32) at 30.)

No party has objected to the R&R and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. See Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (internal quotation marks and citation omitted)); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)).

The court has reviewed both the record and the R&R and, finding no clear error, ADOPTS IN FULL the R&R (Dkt. 32). Plaintiff's Motion (Dkt. 23) is GRANTED. The court awards Plaintiff $43,509.38 in unpaid overtime wages; $2,669.75 in spread of hours pay; $46,179.13 in liquidated damages; pre-judgment interest in an amount to be calculated by the Clerk of Court by multiplying $11.39 by the number of days from August 31, 2016, until the entry of final judgment; $10,000 in statutory damages for violation of notice and record keeping and wage statement provisions; $3,780 in attorney's fees and $400 in costs; and, if any amount of the total judgment remains unpaid ninety days following judgment or ninety days after the expiration of time to appeal and no appeal is filed (whichever is later), the total amount of judgment should automatically increase by 15% under NYLL § 198(4). In addition, Plaintiff is ORDERED to either file a stipulation of dismissal with respect to Lumphong, or show cause why the case against Lumphong should not be dismissed for failure to prosecute. The Clerk of Court is respectfully DIRECTED to enter judgment with respect to Royal Thai and Phakamas.

SO ORDERED.

Dated: Brooklyn, New York
April 11, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge